UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSICA THOMPSON

CIVIL ACTION

VERSUS

NUMBER 12-390-JJB-SCR

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF HEALTH AND
HOSPITALS

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 25, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JESSICA THOMPSON

VERSUS

STATE OF LOUISIANA, THROUGH
THE DEPARTMENT OF HEALTH AND
HOSPITALS

CIVIL ACTION

NUMBER 12-390-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

When a review of the record showed that the defendant had not filed an answer or otherwise made an appearance, and there was no evidence in the record that the defendant had been served with a summons and a copy of the complaint or had waived service, the plaintiff was ordered to show cause, in writing, on November 23, 2012 why her Complaint should not be dismissed for failure to serve the defendant, or obtain a waiver of service, within the time allowed by Rule 4(m), Fed.R.Civ.P.[1]  Plaintiff did not file any response to the show cause order, and the record shows that the defendant has not been served.

Rule 4(m) requires the court to extend the time for service if the plaintiff shows good cause for failing to timely serve the defendants.  Clearly, the plaintiff has not shown good cause. Nonetheless, the rule gives the court discretion to extend the time for service even if the plaintiff does not show good cause.  A

---

[1] Record document number 4. The Complaint was filed June 28, 2012.

2

discretionary extension of the time for service is not warranted. Plaintiff failed to file a status report and plaintiff's counsel failed to attend the October 11, 2012 scheduling conference.[2] The failure to file a status report and counsel's failure to attend the scheduling conference, and to file any response to the show cause order, supports the conclusion that the plaintiff has lost interest in pursing her claims against the defendant and has abandoned her case.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to Rule 4(m).[3]

Baton Rouge, Louisiana, January 25, 2013.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 3, Scheduling Conference Report. The court is aware from other cases filed in this court that counsel for the plaintiff became employed with a state agency, was unable to maintain a private civil practice, and notified his clients that they would need to obtain other representation. He remained as counsel of record pending substitution of counsel. Apparently, the plaintiff was unable to retain new counsel to represent her.

[3] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred. *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *Thompson v. Brown*, 91 F.2d 21, 21 (5th Cir. 1996); *Newby v. Enron Corp.*, 284 Fed.Appx. 146 (Cir. 2008)(district court may order a dismissal under Rule 4(m) even where it will operate as with prejudice because the statute of limitations has run); *contra Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).